

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0289-20

**CHARLES ROBERT RANSIER, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS COMAL COUNTY**

**NEWELL, J., filed a dissenting opinion.**

I disagree with the Court's conclusion that the trial court properly denied Appellant's request for a jury instruction on the offense of attempted tampering with evidence. The Court fails to view the evidence in the light most favorable to the requested instruction. It focuses on evidence that establishes the greater offense of tampering

without considering the affirmative evidence negating the greater offense. Applying the proper standard establishes that there was at least some evidence from which a jury could have held a reasonable doubt about the greater offense and found Appellant guilty of only the offense of attempted tampering.

When reviewing whether an appellant is entitled to an instruction on a lesser included offense, we view the facts in the light most favorable to the requested instruction.[1] In *Chavez v. State*, we considered all the evidence admitted and explained why the specific evidence the defendant pointed to did not affirmatively rebut or negate the evidence presented that the defendant had the intent to kill when the victims were killed.[2] As we explained, the evidence of statements from a co-defendant regarding his belief had nothing to do with the defendant's state of mind when the murders were committed.[3]

But in this case, there was some evidence that Appellant attempted but failed to conceal the syringe that was later found to

---

[1] *Wade v. State*, 663 S.W.3d 175, 183 (Tex. Crim. App. 2022); *See also Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006) (noting that courts reviewing the denial of a requested instruction view the evidence in the light most favorable to the defendant's requested instruction).

[2] *Chavez v. State*, 666 S.W.3d 772, 777 (Tex. Crim. App. 2023) ("None of the evidence cited by Appellant, much of which was also cited by the court of appeals, rebuts or negates the evidence that Appellant had the intent to kill when the victims were killed.").

[3] *Id.*

contain liquid methamphetamine.[4] In a recorded statement, Appellant admitted to trying to break or conceal the syringe in question. The DPS trooper who ultimately seized the syringe testified that from the point he saw Appellant with the syringe in his hand until he got Appellant to the ground, he knew where the syringe was the whole time.[5] This provided more than a scintilla of evidence that Appellant tried but failed to conceal the syringe.[6]

That said, this is another case that highlights the difficulty with applying the valid-rational-alternative/guilty-only test. As I have argued before, this is a court-made rule that we do not apply to the State.[7] We should get rid of it altogether.

With these thoughts, I respectfully dissent.

Filed: June 28, 2023

Publish

---

[4] *Ransier v. State*, 594 S.W.3d 1, 5 (Tex. App. – Houston [14th Dist.] 2019).

[5] *Id.* at 10.

[6] *See Stahmann v. State,* 602 S.W.3d 573, 580 (Tex. Crim. App. 2020) (holding that evidence was insufficient to establish concealment when witnesses never lost sight of pill bottle thrown over a fence by the defendant).

[7] *Chavez*, 666 S.W.3d at 781-82 (Newell, J., concurring).